# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DORINA SCHACHTER, *et al.*, <br>     *Plaintiffs,* <br><br> v. <br><br> SUNRISE SENIOR LIVING <br> MANAGEMENT, INC., *et al.*, <br>     *Defendants*. | No. 3:18-cv-953 (JAM) |

**ORDER DENYING MOTION TO DISMISS**

This case involves claims arising from the injury and decline of an elderly resident while she resided at an assisted living facility in Stamford, Connecticut. The defendants now move to dismiss plaintiff's claims. I will deny their motion.

**BACKGROUND**

Plaintiff Dorina Schachter started living at the Sunrise Assisted Living facility in Stamford, Connecticut in 2016. At the time she moved in, she was coherent, functional, and social, but she had begun to have memory issues. In January 2017, Schachter was transferred with her son Theodore's consent to the "Dementia Floor" of the facility in light of her wandering and need for greater supervision. Doc. #15 at 7.

On January 14, 2017, Theodore took his mother out for lunch, and she seemed fine. But then, about eleven days later, she developed a fever, and on the morning of January 26, 2017, Theodore received a call from the facility that his mother had been found sleeping on the floor of her room. He was told she merely had "rug burn" on her head. *Id.* at 8-10.

Three hours later, Theodore heard from the facility again, this time telling him that his mother had a high fever and was being transported to the hospital emergency room. Theodore

went to the hospital, and he saw that his mother looked like she had been physically attacked, with numerous bruises on her body and a gash (not just a "rug burn") on her head. *Ibid.*

According to the complaint, Schachter was not properly monitored while on the Dementia Floor at the facility. Nor was she sent to the hospital until hours after her wounds were discovered. Since this incident, Schachter has never been the same. She can no longer communicate verbally, except for speaking gibberish. *Ibid.*

Schachter and her son as her agent have filed this lawsuit against the following defendants: Sunrise Senior Management, Inc.; Sunrise Senior Living Home Care, Inc.; Sunrise Senior Living Services, Inc.; Al I/Stamford Senior Housing, LLC, acting through its manager Sunrise Senior Management, Inc., d/b/a Sunrise of Stamford; and various "John Doe" and "Jane Doe" and "Entity Doe" defendants. I will refer to the named corporate defendants collectively as "Sunrise."

This case was initially filed in state court in Queens, New York, before it was removed by Sunrise to the Eastern District of New York, and then *sua sponte* transferred pursuant to 28 U.S.C. § 1404(a) to the District of Connecticut. Before the case was transferred, Schachter was granted leave to file an amended complaint. Count One of the amended complaint alleges a claim for negligence against Sunrise. Count Two alleges negligence against the Doe defendants. Count Three alleges a claim for negligent infliction of emotional distress against all defendants. Count Four alleges breach of contract against Sunrise. Doc. #15 at 10-16.

Sunrise now moves to dismiss on several grounds pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6). Sunrise's principal argument for dismissal is that Schachter has failed to file an appropriate certification and expert opinion that is required by Connecticut state law for a claim

alleging medical malpractice. *See* Conn. Gen. Stat. § 52-190a. Sunrise otherwise challenges the amendment of Schachter's complaint to add new parties.

## DISCUSSION

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows for dismissal on grounds of insufficient service of process. If a defendant moves to dismiss for failure to serve adequate process under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service. *See Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010). An alleged failure to comply with the certification and opinion requirements of Conn. Gen. Stat. § 52-190a is considered under Connecticut law to be a failure to effect proper service of process. *See Morgan v. Hartford Hosp.*, 301 Conn. 388, 394 (2011).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint on the ground that it fails to state a claim for which relief may be granted. For purposes of a Rule 12(b)(6) motion, the Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009*); Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014).

### *Compliance with certification and opinion requirement of Conn. Gen. Stat. § 52-190a*

Section 52-190a of the Connecticut General Statutes places certain limitations on civil actions alleging the negligence of a health care provider. First, the law requires that the attorney or party filing the action "has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." Conn. Gen. Stat. §52-190a(a). The complaint in turn "shall contain

3

a certificate of the attorney or party filing the action … that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant." *Ibid.*

In addition to this requirement for an attorney/party certificate, the Connecticut law also requires that an expert opinion from a "similar health care provider" be submitted with the complaint: "To show the existence of such good faith [as certified by the attorney/party], the claimant or the claimant's attorney … shall obtain a written and signed opinion of a similar health care provider … that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion." *Ibid.* The statute provides that "[t]he failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action." *Id.*, § 52-190a(c).

Sunrise argues that the opinion letter furnished by Schachter does not meet the statute's requirement that it be issued from a "similar health care provider." I do not agree. Schachter has proffered the opinion letter of a New York licensed doctor (Dr. Jaime Goldstein) who attests to more than 11 years' experience as a gynecologist, with a practice that "includes a large population of geriatric patients" and involves "treat[ing] many . . . patients' primary care issues including dementia and many other conditions existing in that age group." Doc. #34-1 at 6. The opinion letter goes on to furnish a detailed basis for concluding that Sunrise was negligent with respect to its care of Schachter. *Id.* at 6-7.

Connecticut law defines a "similar health care provider" in relevant part as one who is "licensed by the appropriate regulatory agency of this state or another state requiring the same or greater qualifications," and one who "is trained and experienced in the same discipline or school of practice and such training and experience shall be as a result of the active involvement in the practice or teaching of medicine within the five-year period before the incident giving rise to the

4

claim." Conn. Gen. Stat. § 52-184c(b). Dr. Goldstein meets these requirements, if only marginally so. I am not persuaded by Sunrise's argument that, because the alleged negligence at issue here occurred at a skilled nursing facility, Schachter was required to submit an opinion from a medical provider such as a nurse or assisted living aide who is not even licensed as a physician. Doc. #23-1 at 12-13. A licensed physician such as Dr. Goldstein is qualified to opine about the care and treatment of a person who suffers from dementia.[1]

Moreover, to the extent that Sunrise complains about the timing of the submission of Dr. Goldstein's affidavit, I conclude the delay was reasonable in light of the transfer of this case from a New York state court and the Eastern District of New York (jurisdictions where no medical opinion was required) to the District of Connecticut. *See Macamaux v. Day Kimball Hosp.*, 702 F. Supp. 2d 25 (D. Conn. 2010) (allowing for extension of time to file certification and opinion where lawsuit transferred from Rhode Island to the District of Connecticut).

Because I conclude that Schachter has satisfied the certification and opinion requirements of Conn. Gen. Stat. § 52-190a, I need not consider Schachter's alternative arguments, either (1) that the allegations of her complaint do not sound in medical malpractice such as to trigger the certification requirements for the statute, or (2) that the requirements of § 52-190a do not apply for medical malpractice actions filed in federal court. *See Cornelius v. ECHN Rockville Gen. Hosp.*, 2014 WL 2986688, at *3 (D. Conn. 2014) (noting that "[f]ederal courts nationwide have split on the question whether, for purposes of the *Erie* doctrine, *see Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), a state law certificate-of-merit filing requirement constitutes a mere procedural rule that does not apply in federal court or a substantive, outcome-determinative rule that must be applied in federal court").

---

[1] Because Schachter has proffered the opinion affidavit of Dr. Goldstein, there is no need for the Court to consider the prior opinion affidavit of Dr. Belfiore.

*Adequacy of allegations against certain defendants*

Sunrise contests the adequacy of allegations against two of its corporate entities: Sunrise Senior Living Service, Inc. and Sunrise Senior Living Home Care, Inc., contending that neither entity is a party to the residency agreement signed by Schachter. But because Schachter pursues claims in tort and not just contract, it would be premature to dismiss Sunrise Senior Living Service, Inc. and Sunrise Senior Living Home Care, Inc. as defendants at this time. This ruling is without prejudice to the right of these entities to make a showing at summary judgment that they had no relation at the time of the events in question to the management or operation of the Sunrise facility in Connecticut where Schachter resided. I trust that Schachter will move to voluntarily dismiss any defendants not properly subject to suit.

*Additional parties named in amended complaint*

Sunrise argues that it was improper for Schachter to file an amended complaint that added the name of Theodore Schachter as a plaintiff and AL I/Stamford Senior Housing, LLC as a defendant (Doc. #15), because Schachter did not first obtain leave of court to add parties to the complaint. The docket, however, reflects that Judge Cogan granted motions for the filing of an amended complaint (Docs. #12, #13, and #14) without limitation on the allegations or parties to be included in the amended complaint.

*Standing of Theodore Schachter*

The amended complaint identifies the following persons as the plaintiff party in the caption: "DORINA SCHACHTER AND THEODORE SCHACHTER AS AGENT FOR DORINA SCHACHTER." Doc. #15 at 1. In view of the allegations that Dorina Schachter suffers from dementia and that her son has her power of attorney, the identification of her son in the plaintiff's caption is fully consistent with the Rule 17 of the Federal Rules of Civil Procedure

which allows for a "next friend" representative of an incompetent person to sue. *See* Fed. R. Civ. P. 17(c)(2). Sunrise's argument that Theodore Schachter has no standing in his capacity as agent for his mother in this litigation otherwise lacks merit. *See, e.g., W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008) (noting among "a few well-recognized, prudential exceptions to the 'injury-in-fact' requirement" for standing an exception for "third-party standing where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests").

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) is DENIED.

It is so ordered.

Dated at New Haven this 4th day of March 2019.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge